(No. 15156.—Judgment reversed.)
THE PEOPLE, for use of the Department of Registration and Education, Appellee, *vs.* F. W. GRAHAM, Appellant.

*Opinion filed February 19, 1924.*

1. MEDICINE AND SURGERY—*the legislature may fix qualifications of those who practice medicine and surgery.* The legislature has authority, under the police power, to regulate and fix the qualifications of persons who practice medicine and surgery; and such qualifications may include a thorough knowledge of the profession of treating human ailments, so as to protect the public against those who are inefficient and unworthy.

2. SAME—*laws regulating practice of medicine and surgery may make valid classification.* In enacting laws for the regulation of the practice of medicine and surgery the legislature may provide for classes so long as the classification is general and bears a reasonable relation to the purpose sought to be accomplished, but any act which is merely arbitrary and discriminatory, where there is no substantial difference between the classes, and which abridges privileges or grants special privileges to classes, is in violation of constitutional rights.

3. SAME—*Medical Practice act of 1899 makes unlawful classification.* The Medical Practice act of 1899 is void in so far as it discriminates against osteopaths by denying them the right to take an examination for a license to practice surgery unless they have studied the subject in a regular medical school. (*People* v. *Schaeffer,* 310 Ill. 574, followed.)

4. SAME—*when failure to apply for license is not material.* As the Medical Practice act of 1899 makes no provision for licensing osteopaths to practice surgery, the fact that an osteopath charged with practicing surgery without a license did not apply for one is not material, as the law does not require the doing of a useless act to secure a right.

FARMER, C. J., and THOMPSON, J., dissenting.

APPEAL from the County Court of Grundy county; the Hon. GEORGE BEDFORD, Judge, presiding.

MCCORMICK, KIRKLAND, PATTERSON & FLEMING, (PERRY S. PATTERSON, and LOUIS G. CALDWELL, of counsel,) for appellant.

EDWARD J. BRUNDAGE, Attorney General, and FRANK
L. FLOOD, State's Attorney, (CLARENCE N. BOORD, of coun-
sel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

A declaration in debt in the name of the People of the
State of Illinois, for the use of the Department of Registra-
tion and Education, was filed in the county court of Grundy
county, alleging that the appellant, F. W. Graham, on April
22, 1921, held licenses authorizing him to practice a system
of treating human ailments without the use of medicines
internally or externally and without performing surgical
operations, and to practice midwifery without the use of
any drug or medicine or attend other than cases of labor,
and that he practiced medicine and surgery on that date by
treating the ailment of Beatrice Anderson by a surgical op-
eration upon her and administering pituitrin and strychnine.
The appellant demurred to the declaration on constitutional
grounds, and his demurrer being overruled he filed pleas.
The issues were heard by the court on a stipulation of facts
and judgment was rendered against the appellant for $200,
from which he prosecuted this appeal.

The material facts stipulated were that the defendant,
after a full and complete compliance with all statutory re-
quirements, obtained a license authorizing him to practice
any system of treating human ailments without the use of
medicine internally or externally and without performing
surgical operations, and also obtained a license authorizing
him to practice midwifery, but he never had a license to
practice medicine and surgery in all their branches.  The
action was brought under the Medical Practice act of 1899,
and the defendant had a preliminary education satisfying
all the requirements requisite to admission to a medical
school in good standing under the provisions of that act
and under the rules and regulations of the State Board

of Health and Department of Registration and Education. After such preliminary education he attended the American School of Osteopathy, at Kirksville, Missouri, and having successfully completed a three years' course, he graduated in June, 1911, and received a diploma. The courses of study pursued by him were equal in every respect to the courses of instruction, requirements and text books of those taught in medical schools which were at that time and have since been considered reputable and in good standing both by the State Board of Health and the Department of Registration and Education. Among the courses of study pursued, and which he successfully completed, were courses in operative surgery, obstetrics, gynecology, antiseptics, antidotes, narcotics, stimulants and anæsthetics. As a part of his courses of study he received instructions in the nature, use, operation and effect of strychnine and pituitrin in connection with and incident to surgery. On April 22, 1921, the defendant performed an act of operative surgery on Beatrice Anderson, an unmarried girl about twenty years of age, by curetting her uterus for the removal of morbid matter consequent on an illegal act or operation performed by some other person. He did not administer any drug or medicine as a curative or remedial agency for a disease or ailment but only as a part of and incidental to the surgical operation, either as a stimulant or by contraction of tissues to secure successful results of the operation.

Assuming that the Medical Practice act of 1899, under which the declaration was filed, was in force unless subject to some objection upon constitutional grounds, as the parties understand, it will be seen that the question presented is the same which was considered and decided in the case of *People* v. *Schaeffer,* 310 Ill. 574. The authority of the legislature, under the police power, to regulate and fix the qualifications of persons who practice medicine and surgery is not and cannot be denied. The legislature may make such

requirements as will qualify all classes of persons treating human ailments to thoroughly understand their profession and protect the public against those who are inefficient and unworthy. In the enactment of statutes for that purpose the legislature may provide for classes so long as the classification is general and bears a reasonable relation to the purpose sought to be accomplished, but any act of the legislature which is merely arbitrary and discriminatory, where there is no substantial difference between the classes, and which abridges privileges of citizens or grants special privileges to classes, is in violation of constitutional rights. In the *Schaeffer case* it was decided that there was no difference between the classes of persons practicing different methods of treating human ailments which justified discrimination against persons of any class meeting all requirements of the law, and that as applied to him the Medical Practice act of 1899 infringed upon his constitutional right and was therefore void. The application of the same principles requires a reversal of the judgment in this case. There was no provision of the act under which a license to practice surgery could have been given to the defendant. The right to such a license was limited to a class to which he did not belong, and as the law does not require a useless act to secure a right, the defendant was not called upon to apply for a license that could not be granted. The act was not void as to any person not deprived of a constitutional right but was void as applied to the defendant deprived of such right.

The judgment is reversed.          *Judgment reversed.*

FARMER, C. J., and THOMPSON, J., dissenting.